# Exhibit 8

SHC-TJBC, Inc. v. Cincinnati-Complaint Exhibits--000362



FILED
INDEX DEPARTMENT
MAY 0 6 2020
IN THE OFFICE OF
SECRETARY OF STATE
CORRECTED

April 30, 2020

Executive Order 2020-33

### EXECUTIVE ORDER IN RESPONSE TO COVID-19
### (COVID-19 EXECUTIVE ORDER NO. 31)

**WHEREAS,** protecting the health and safety of Illinoisans is among the most important functions of State government; and,

**WHEREAS,** Coronavirus Disease 2019 (COVID-19) is a novel severe acute respiratory illness that has spread among people through respiratory transmissions, the World Health Organization declared COVID-19 a Public Health Emergency of International Concern on January 30, 2020, and the United States Secretary of Health and Human Services declared that COVID-19 presents a public health emergency on January 27, 2020; and,

**WHEREAS,** as the virus has progressed through Illinois, the crisis facing the State has developed and now requires an evolving response to ensure hospitals, health care professionals and first responders are able to meet the health care needs of all Illinoisans and in a manner consistent with CDC guidance that continues to be updated; and,

**WHEREAS,** I declared all counties in the State of Illinois as a disaster area on April 30, 2020 because the current circumstances in Illinois surrounding the spread of COVID-19, including the devasting impacts to the health and lives of people throughout the State, the threatened shortages of hospital beds, ICU beds, ventilators, and PPE, and the critical need for increased COVID-19 testing capacity, constitute an epidemic emergency and a public health emergency; and,

**WHEREAS,** in response to the epidemic emergency and public health emergency described above, I find it necessary to re-issue Executive Orders 2020-03, 2020-04, 2020-05, 2020-06, 2020-07, 2020-08, 2020-09, 2020-11, 2020-12, 2020-13, 2020-14, 2020-15, 2020-16, 2020-17, 2020-19, 2020-20, 2020-21, 2020-22, 2020-23, 2020-24, 2020-25, 2020-26, 2020-27, 2020-28, 2020-29, 2020-30, and 2020-31, and hereby incorporate the WHEREAS clauses of those Executive Orders;

**THEREFORE,** by the powers vested in me as the Governor of the State of Illinois, pursuant to the Illinois Constitution and Sections 7(1), 7(2), 7(3), 7(8), 7(9), and 7(12) of the Illinois Emergency Management Agency Act, 20 ILCS 3305, and consistent with the powers in public

SHC-TJBC, Inc. v. Cincinnati-Complaint Exhibits--000363

**Executive Order 2020-04 (Closure of James R. Thompson Center; Waiver of Sick Leave Requirement for State Employees):**

Sections 2 and 3 of Executive Order 2020-04 are re-issued and extended through **May 29, 2020.**

**Executive Orders 2020-05 and 2020-06 (School Closures):**

Executive Orders 2020-05 and 2020-06 are re-issued in their entirety and extended through **May 29, 2020.**

**Executive Order 2020-07 (Suspension of on-premises consumption at restaurants and bars; Unemployment insurance; Open Meetings Act):**

Sections 1, 3, 4, 5, and 6, as amended below, of Executive Order 2020-07 are re-issued and extended through **May 29, 2020.**

Section 6. During the duration of the Gubernatorial Disaster Proclamation and through May 29, 2020, the provisions of the Open Meetings Act, 5 ILCS 120, requiring or relating to in-person attendance by members of a public body are suspended. Specifically, (1) the requirement in 5 ILCS 120/2.01 that "members of a public body must be physically present" is suspended; and (2) the conditions in 5 ILCS 120/7 limiting when remote participation is permitted are suspended. The provision of the Illinois Finance Authority Act that "[a]ll meetings shall be conducted at a single location within the State with a quorum of members physically present at this location," 20 ILCS 3501/801-25, is suspended through May 29, 2020. The provision of the Illinois Administrative Code that a meeting of the Concealed Carry Licensing Review Board that a requires a "quorum is in attendance at a meeting" as a condition for when "Commissioners may attend telephonically or electronically," 20 Ill. Admin. Code 2900.110(c), is suspended through May 29, 2020.

Public bodies, including those listed specifically above, are encouraged to postpone consideration of public business where possible. When a meeting is necessary, public bodies are encouraged to provide video, audio, and/or telephonic access to meetings to ensure members of the public may monitor the meeting, and to update their websites and social media feeds to keep the public fully apprised of any modifications to their meeting schedules or the format of their meetings due to COVID-19, as well their activities relating to COVID-19.

**Executive Order 2020-08 (Secretary of State Operations):**

Executive Order 2020-08 is re-issued in its entirety and extended through **May 29, 2020.**

**Executive Order 2020-09 (Telehealth):**

Executive Order 2020-09 is re-issued in its entirety and extended through **May 29, 2020.**

**Executive Order 2020-11 (Revisions to prior Executive Orders; Department of Corrections notification period):**

Sections 3 and 4 of Executive Order 2020-11 are re-issued and extended through **May 29, 2020.**

SHC-TJBC, Inc. v. Cincinnati-Complaint Exhibits--000364

**Executive Order 2020-14 (Notary and witness guidelines):**

Executive Order 2020-14, as amended below, is re-issued in its entirety and extended through **May 29, 2020.**

Section 2. During the duration of the Gubernatorial Disaster Proclamation related to the outbreak of COVID-19, any act of witnessing required by Illinois law may be completed remotely by via two-way audio-video communication technology, provided that:

 a. The two-way audio-video communication technology must allow for direct, contemporaneous interaction between the individual signing the document ("the signatory") and the witness by sight and sound;
 b. The two-way audio-video communication technology must be recorded and preserved by the signatory or the signatory's designee for a period of at least three years;
 c. The signatory must attest to being physically located in Illinois during the two-way audio-video communication;
 d. The witness must attest to being physically located in Illinois during the two-way audio-video communication;
 e. The signatory must affirmatively state on the two-way audio-video communication what document the signatory is signing;
 f. Each page of the document being witnessed must be shown to the witness on the two-way audio-video communication technology in a means clearly legible to the witness and initialed by the signatory in the presence of the witness;
 g. The act of signing must be captured sufficiently up close on the two-way audio-video communication for the witness to observe;
 h. The signatory must transmit by overnight mail, fax, or electronic means a legible copy of the entire signed document directly to the witness no later than the day after the document is signed;
 i. The witness must sign the transmitted copy of the document as a witness and transmit the signed copy of the document back via overnight mail, fax, or electronic means to the signatory within 24 hours of receipt; and,
 j. If necessary, the witness may sign the original signed document as of the date of the original execution by the signatory provided that the witness receives the original signed document together with the electronically witnessed copy within thirty days from the date of the remote witnessing.

**Executive Order 2020-15 (Suspending provisions of the Illinois School Code):**

Executive Order 2020-15 is re-issued in its entirety and extended through **May 29, 2020.**

**Executive Order 2020-16 (Repossession of vehicles; suspension of classroom training requirement for security services):**

Executive Order 2020-16 is re-issued in its entirety and extended through **May 29, 2020.**

**Executive Orders 2020-03 and 2020-17 (Cannabis deadlines and applications):**

Executive Orders 2020-03 and 2020-17, as modified by Executive Order 2020-18, are re-issued and shall remain in effect as specified by Executive Order 2020-18.

i. Facilities licensed, certified, or approved by any State agency and covered by the following: 77 Ill. Admin. Section 1130.215(a)-(f); University of Illinois Hospital Act, 110 ILCS 330; Alternative Health Care Delivery Act, 210 ILCS 3/35(2)-(4); Emergency Medical Services (EMS) Systems Act, 210 ILCS 50; or Department of Veterans' Affairs Act, 20 ILCS 2805;
ii. State-operated Developmental Centers certified by the federal Centers for Medicare and Medicaid Services and licensed State-operated Mental Health Centers created pursuant to the Mental Health and Developmental Disabilities Administrative Act, 20 ILCS 1705/4;
iii. Licensed community-integrated living arrangements as defined by the Community-Integrated Living Arrangements Licensing and Certification Act, 210 ILCS 135/2;
iv. Licensed Community Mental Health Centers as defined in the Community Services Act, 405 ILCS 30;
v. Federally qualified health centers under the Social Security Act, 42 U.S.C. § 1396d(l)(2)(B); ~~and~~
vi. Any government-operated site providing health care services established for the purpose of responding to the COVID-19 outbreak;
vii. <u>Supportive living facilities certified by the Illinois Department of Healthcare and Family Services pursuant to the Illinois Public Aid Code, 305 ILCS 5/5-5.01(a); and,</u>
viii. <u>Assisted living establishments and shared housing establishments licensed by the DPH pursuant to the Assisted Living and Shared Housing Act, 210 ILCS 9.</u>

"Health Care Facility" is the singular form of the plural "Health Care Facilities."

b. "Health Care Professional" means all licensed or certified health care or emergency medical services workers who (i) are providing health care services at a Health Care Facility in response to the COVID-19 outbreak and are authorized to do so; or (ii) are working under the direction of the Illinois Emergency Management Agency (IEMA) or DPH in response to the Gubernatorial Disaster Proclamations.
c. "Health Care Volunteer" means all volunteers or medical or nursing students who do not have licensure who (i) are providing services, assistance, or support at a Health Care Facility in response to the COVID-19 outbreak and are authorized to do so; or (ii) are working under the direction of IEMA or DPH in response to the Gubernatorial Disaster Proclamations.

<u>Section 8. For purposes of Section 2, rendering assistance by hospitals licensed pursuant to the Illinois Hospital Licensing Act, 210 ILCS 85, must also include accepting a transfer of a COVID-19 patient from another hospital, including hospital inpatients, and state-operated entities (collectively, "transferring entities") that do not have the capacity and capability necessary to provide treatment for a COVID-19 patient. The receiving hospital shall accept such transfer of a COVID-19 patient if it has sufficient capacity and capability necessary to provide treatment for the COVID-19 patient. In determining whether a hospital has sufficient capacity and capability necessary to provide treatment for a COVID-19 patient, the hospital shall consider, at a minimum, its ability to provide safe and effective treatment consistent with current public health recommendations and available supplies, staffing, and medical bed capacity.</u>

**Executive Order 2020-20 (Public assistance requirements):**

Executive Order 2020-22 is re-issued in its entirety and extended through May 29, 2020.

**Executive Order 2020-23 (Actions by the Illinois Department of Financial and Professional Regulation for licensed professionals engaged in disaster response):**

Executive Order 2020-23 is re-issued in its entirety and extended through May 29, 2020.

**Executive Order 2020-24 (Illinois Department of Human Services Forensic Treatment Program; investigations of Illinois Department of Human Services employees):**

Executive Order 2020-24 is re-issued in its entirety and extended through May 29, 2020.

**Executive Order 2020-25 (Garnishment and wage deductions):**

Executive Order 2020-25 is re-issued in its entirety and extended through May 29, 2020.

**Executive Order 2020-26 (Hospital capacity):**

Executive Order 2020-26 is re-issued in its entirety and extended through May 29, 2020.

**Executive Order 2020-27 (Cadavers testing positive for COVID-19):**

Executive Order 2020-27 is re-issued in its entirety and extended through May 29, 2020.

**Executive Order 2020-28 (Industrial radiography certifications):**

Executive Order 2020-28 is re-issued in its entirety and extended through May 29, 2020.

**Executive Order 2020-29 (In-person education or exams for professional insurance licenses):**

Executive Order 2020-29 is re-issued in its entirety and extended through May 29, 2020.

**Executive Order 2020-30 (Filing of residential eviction actions; enforcement of non-residential eviction orders; expired consular identification documents; electronic filings for the Illinois Human Rights Commission):**

Executive Order 2020-30, as amended below, is re-issued in its entirety and extended through May 29, 2020.

Section 3. All state, county, and local law enforcement officers in the State of Illinois are instructed to cease enforcement of orders of eviction for residential and non-residential premises, unless the tenant has been found to pose a direct threat to the health and safety of other tenants, an immediate and severe risk to property, or a violation of any applicable building code, health ordinance, or similar regulation. Nothing in this Executive Order shall be construed as relieving any individual or entity of the obligation to pay rent, to make mortgage payments, or comply with any other obligation that an individual or entity may have pursuant to a lease, or rental agreement, or mortgage. The continued need for this directive shall be evaluated upon issuance of any new Gubernatorial Disaster Proclamation.

**Part 2: Savings Clause.** If any provision of this Executive Order or its application to any person or circumstance is held invalid by any court of competent jurisdiction, this invalidity does not affect any other provision or application of this Executive Order, which can be given effect without the invalid provision or application. To achieve this purpose, the provisions of this Executive Order are declared to be severable.

*[Signature]*

JB Pritzker, Governor

Issued by the Governor April 30, 2020
Filed by the Secretary of State April 30, 2020

FILED
INDEX DEPARTMENT

MAY 0 6 2020

IN THE OFFICE OF
SECRETARY OF STATE