# Exhibit 18



May 22, 2020

**VIA EMAIL AND
CERTIFIED MAIL**
Jay McElhaney
P.O. Box 205
St. Albans, MO 63073
jay_mcelhaney@cinfin.com
Ph: 636.451.6886

Re:    Insured:    TJBC, Inc. d/b/a 4202 Main Street Brewing Co.
       Policy No:    ETD 0451206
       Claim No.:    3527623
       Our File:    402644

Dear Mr. McElhaney,

Simmons Hanly Conroy represents TJBC, Inc. regarding its insurance claims under its policies with The Cincinnati Insurance Companies ("Cincinnati"). Mr. Kennedy has already made a claim, but to the extent you dispute this, Mr. Kennedy is hereby making a claim for all coverages available under any Cincinnati policy or policies held by Mr. Kennedy, TJBC, Inc. or any other business associated with either of them. TJBC, Inc. and Mr. Kennedy are suffering financial harm as Cincinnati continues to deny coverage of this claim. Therefore TJBC, Inc. hereby demands that within ten (10) business days of receipt, Cincinnati confirms in writing that this is a covered claim and that it will proceed to adjust the damages amount. If said confirmation is not received, we will file suit.

Our review of Mr. Kennedy's policies leaves no doubt that he has coverage for his losses. Therefore, we believe Cincinnati's refusal to provide coverage and reservation of rights by its letters dated March 30 and May 8, 2020, constitutes a vexatious and unreasonable denial and delay of insurance claims under common law and controlling statute(s) including 215 ILCS 5/155.

This is particularly true with regards to TJBC's Civil Authority coverage. As you know, unlike other policies prevalent in the insurance industry, Cincinnati's Civil Authority coverage does not limit coverage by geographical scope. Instead, your policy provides:

*We stand for our clients.*

HEADQUARTERS
One Court Street
Alton, IL 62002
TEL: (618) 259-2222
FAX: (618) 259-2251

NEW YORK
112 Madison Avenue
New York, NY 10016
TEL: (212) 784-6400
FAX: (212) 213-5949

CHICAGO
230 W. Monroe
Suite 2221
Chicago, IL 60606
TEL: (312) 759-7500
FAX: (312) 759-7516

SAN FRANCISCO
455 Market
Suite 1150
San Francisco, CA 94105
TEL: (415) 536-3986
FAX: (415) 537-4120

LOS ANGELES
100 N. Sepulveda Blvd.
Suite 1350
El Segundo, CA 90245
TEL: (310) 322-3555
FAX: (310) 322-3655

ST. LOUIS
231 S. Bemiston
Suite 525
St. Louis, MO 63105
TEL: (800) 479-9533



McElhaney
May 22, 2020  Page 2

> **(4) Civil Authority**
>
> We will pay for the actual loss of "Business Income" you sustain and "Extra Expense" you incur caused by action of civil authority that prohibits access to the "premises" due to direct physical "loss" to property, other than at the "premises", caused by or resulting from any Covered Cause of Loss.
>
> This coverage will apply for a period of up to 30 consecutive days from the date of that action.

At that point, Cincinnati should have informed Mr. Kennedy that his business was covered under its broad Civil Authority coverage. Instead, Cincinnati falsely implied that Mr. Kennedy had to provide inspections of properties that he could have no way of accessing to prove that his losses were caused by something that is already within Cincinnati's knowledge and possession. Your previous communications with Mr. Kennedy constitute vexatious and unreasonable delay and denial of valid claims.

First, Cincinnati's March 30 letter and subsequent follow-ups ask for documentation and details of the civil authority that ordered his business to close or restricted access to his business and premises. Please find attached a copy of Illinois Executive Order 2020-07, declaring:

> **THEREFORE**, by the powers vested in me as the Governor of the State of Illinois, and pursuant to Sections 7(1), 7(2), 7(3), and 7(8) of the Illinois Emergency Management Agency Act, 20 ILCS 3305, I hereby order the following:
>
> Section 1. Beginning March 16, 2020 at 9 p.m. through March 30, 2020, all businesses in the State of Illinois that offer food or beverages for on-premises consumption—including restaurants, bars, grocery stores, and food halls—must suspend service for and may not permit on-premises consumption. Such businesses are permitted and encouraged to serve food and beverages so that they may be consumed off-premises, as currently permitted by law, through means such as in-house delivery, third-party delivery, drive-through, and curbside pick-up. In addition, customers may enter the premises to purchase food or beverages for carry-out However, establishments offering food or beverages for carry-out, including food trucks, must ensure that they have an environment where patrons maintain adequate social distancing. Businesses located in airports, hospitals, and dining halls in colleges and universities are exempt from the requirements of this Executive Order. Hotel restaurants may continue to provide room service and carry-out. Catering services may continue.

At the time of the earlier correspondence, Cincinnati was already well-aware of the statewide COVID-19 closures in Illinois.

Gov. Pritzker has since issued two more similar orders. On April 1, Gov. Pritzker ordered closure through April 30 with EO 2020-18. On April 30, he ordered closure through May 29 with EO 2020-33. Each order creates its own 30-day damages period under the insurance contract, meaning that all of TJBC, Inc.'s losses and damages to date are covered by the Civil Authority coverage.



McElhaney
May 22, 2020                                                                                                        Page 3

Next, your earlier letters request TJBC, Inc. to "identify any property, other than your own, that suffered direct physical loss or direct physical damage, thereby causing the civil authority order to issue." You also ask for "copies of all inspection reports and test reports referring or relating to" direct physical loss, direct physical damage, or "actual or suspected presence of Coronavirus at that other premises or property at that other premises." Your letter suggests that it is the insured's "burden" to show Cincinnati of its losses through such documents.

Of course, Cincinnati is aware that no insured in any situation where Civil Authority coverage is invoked will likely be able to produce "inspection reports and test reports" from properties other than their own properties. This is even more true when the substance at issue relates directly to the personal health.

Regardless, Illinois Executive Order 2020-07 identifies that, before issuing the Order, testing "identified further spread of confirmed [COVID-19] cases throughout the state of Illinois," "the number of suspected COVID-19 cases in Illinois is increasing exponentially[,]" and "the ongoing spread of COVID-19 and the danger the virus poses to the public's health and wellness require the reduction of on-premises consumption of food and beverages."

Thus, the Executive Order itself establishes (1) the presence of coronavirus at other premises in Illinois, and (2) that the widespread and growing presence in Illinois is what caused the civil authority order to issue.

As of May 20, the Illinois Department of Public Health was reporting 100,418 COVID-19 cases and 4,525 deaths in the state of Illinois, including 502 cases and 46 deaths in Madison County and 858 cases and 69 deaths in St. Clair County. Those cases and deaths occurred because of the presence and spread of physical coronavirus in Illinois.

Cincinnati's position – that, to qualify for Civil Authority coverage an insured must present inspection reports from other peoples' property – has no basis in law or fact and is vexatious. It is vexatious for Cincinnati to challenge that COVID-19 is present at properties in Illinois. It is vexatious for Cincinnati to challenge that TJBC was caused to close by EOs 2020-07, 18, and 33. Cincinnati has no bona fide coverage dispute, legitimate policy issue, genuine legal or factual issue, or reasonable legal position on an unsettled issue of law.

Mr. Kennedy and TJBC paid their policy premiums and have suffered losses under a provision clearly covered by their insurance contract. It is time for Cincinnati to uphold its part of the contract. Accordingly, we are demanding that Cincinnati immediately remove any "reservation of rights" with regards to the Civil Authority coverage.



McElhaney
May 22, 2020                                                                                                          Page 4

We will be working with Mr. Kennedy to compile documentation of his losses for his Civil Authority claim and all other potential claims under the policy. In addition to Civil Authority coverage, Mr. Kennedy and TJBC also have actual loss of business income and other damages under other coverages in the policy, including the Business Income and Extra Expense coverage. These losses are continuing.

To make certain that we are working from the same documents, please provide to us a certified copy of all policies that Mr. Kennedy, TJBC, Inc., and any of his businesses has or has had with The Cincinnati Insurance Companies. Given the current situation, we believe that written communications via email are the best way to proceed. Accordingly, we would ask that you provide such policies via email attachments to Jay Barnes @ jaybarnes@simmonsfirm.com.

                                         Sincerely,

                                         Ted Gianaris
                                         tgianaris@simmonsfirm.com

Enclosures:  EO 2020-32
                EO 2020-18
                EO 2020-33
                EO 2020-07

cc:     Jay Barnes, jaybarnes@simmonsfirm.com
           Eric Johnson, ejohnson@simmonsfirm.com